UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. B. (A Juvenile), A2024,<br><br>  Petitioner,<br><br>  v.<br><br>BRIAN HOPSON, Acting Superintendent,<br><br>  Respondent. | Case No. 18-cv-00217-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 7, 8 & 10) |

I.

Petitioner, a juvenile in the custody of the Alameda County Juvenile Justice Center, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging extradition proceedings in Alameda County Superior Court to have him returned to Arizona. Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 (ECF No.10), which, based solely on his affidavit of poverty, is granted.

II.

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. The petition accordingly may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

III.

Article IV of the United States Constitution provides that "[a] person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." U.S. Const. art. IV, § 2, cl. 2. The Extradition Act, 18 U.S.C. § 3182, provides the procedures by which this constitutional command is carried out. New Mexico, ex rel. Ortiz v. Reed, 524 U.S. 151, 152 (1998).

It is well established that interstate extradition is intended to be a "summary and mandatory executive proceeding." Michigan v. Doran, 439 U.S. 282, 288 (1978). Once the governor of the demanding state has granted extradition, "a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." Id. at 289. Claims relating to "what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the demanding State when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State." Reed, 524 U.S. at 153 (citations omitted). It is simply not for officials or courts in the asylum state to make determinations, beyond those authorized by the Supreme Court, which affect a demanding state's constitutional right to obtain custody of fugitives from its justice. See Puerto Rico v. Branstad, 483 U.S. 219. 227 (1987) ("the commands of the Extradition Clause are mandatory, and afford no discretion to the executive officers or the courts of the asylum state").

Petitioner does not claim that the above-enumerated requisites of the Extradition Act have not been met, or take issue with any of the determinations made in connection with those requisites. He concedes that he was convicted of "attempted arson" in Arizona when he was "15 years old," and that a warrant for his arrest was issued "because he left the State of Arizona without the permission of his probation officer." Pet. (ECF No. 1) at 4, 5. The basis for petitioner's request for federal habeas relief instead is that "his extradition to Arizona would be a violation of his 8th Amendment right to be free from cruel and unusual punishment because upon

2

arrival in Arizona he would be incarcerated in the same adult institution where he was sexually assaulted, deprived of help thereafter, and abused by the state's antiquated system, which has little provisions for juvenile offenders." Id. at 1. But unfortunately for petitioner, the Supreme Court has made clear that a fugitive cannot raise in the courts in the asylum state the constitutionality of his confinement in the demanding state: "Considerations fundamental to our federal system require that the prisoner test the claimed unconstitutionality of his treatment by [the demanding State] in the courts of that State. [The prisoner] should be required to initiate his suit in the courts of [the demanding State], where all parties may be heard, where all pertinent testimony will be readily available and where suitable relief, if any is necessary, may be fashioned." Sweeney v. Woodall, 344 U.S. 86, 90 (1952). Accord Doran, 439 U.S. at 290 ("To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purpose of the summary and mandatory procedures authorized by Article IV, § 2.").

IV.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to petitioner challenging his treatment by Arizona in the state or federal courts in Arizona. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk is instructed to terminate petitioner's remaining miscellaneous motions (see ECF Nos. 7 & 8) as moot.

**IT IS SO ORDERED**.

Dated: January 31, 2018

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYDEN BEAULIEU,<br>   Plaintiff,<br>  v.<br>BRIAN HOPSON,<br>   Defendant. | Case No. 3:18-cv-00217-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hayden Beaulieu
#A-2024
2500 Fairmont Drive
San Leandro, CA 94578

Dated: January 31, 2018

                Susan Y. Soong
                Clerk, United States District Court

                By:_____
                Lashanda Scott, Deputy Clerk to the
                Honorable CHARLES R. BREYER